UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION—FLINT

In re:

Douglas Richardson and            Case No: 24-30431-jda
Kimberly Richardson               Hon Joel D. Applebaum
         Debtors.            Chapter 12
_____/

# OPINION AND ORDER GRANTING AMERICAN FARM MORTGAGE'S MOTION TO DISMISS CASE

    Debtors filed their chapter 12 bankruptcy petition on March 7, 2024. Pursuant to section 1221 of the Bankruptcy Code, Debtors' chapter 12 plan was required to be filed no later than June 5, 2024. Debtors did not file their plan by June 5, 2024 and, as a result, American Farm Mortgage filed a Motion to Dismiss Case (Dkt. No. 42). On June 20, 2024, presumably in response to the Motion to Dismiss, Debtors finally filed their Chapter 12 Plan (Dkt. No. 43). On June 25, 2024, also in response to the Motion to Dismiss, Debtors filed a very perfunctory "Objection," admitting without explanation many of the allegations in the Motion to Dismiss while denying without explanation several others. (Dkt. No. 47).

    In its Brief in Support of American Farm Mortgage's Motion to Dismiss (Dkt. No. 51), American Farm Mortgage relies on the standard for extending the time to file a chapter 12 plan, which allows a court to extend the time to file a chapter 12 plan only "if the need for an extension is attributable to circumstances

for which the debtor should not justly be held accountable." 11 U.S.C. § 1221. American Farm Mortgage correctly points out that Debtors offered no justification for their failure to timely file their plan, let alone point to any "circumstances for which [Debtors] should not justly be held accountable," thereby failing to carry their *heavy* burden to satisfy the requirements of section 1221. *In re Gullicksrud*, 2016 WL 5496569 (Bankr. W.D. Wisc., September 29, 2016).

In addition to being filed late, Debtors' chapter 12 plan is woefully inadequate and, unsurprisingly, elicited objections from American Farm Mortgage (Dkt. No. 54) and MSU Federal Credit Union (Dkt. No. 52). These objections include, *inter alia*, failure to file the plan timely, failure to provide any meaningful financial projections or historical financial information,[1] failure to provide proposed interest rates, failure to comply with or make payments in connection with the Court's Stipulated Order For Pre-Confirmation Adequate Protection Payments (Dkt. No. 41), and failure to propose a feasible plan.

The day before the hearings on American Farm Mortgage's Motion to Dismiss and plan confirmation were scheduled to begin, Debtors unilaterally filed a Notice of Withdrawal of Docket # 43, Chapter 12 Plan (Dkt. No. 60). In their Notice of Withdrawal, Debtors simply state that they were unable to settle the plan objections and they do not believe they can prevail at the confirmation hearing.

---

[1] A review of the docket reveals that no operating reports or financial information has been filed in this case.

Debtors further state that they do not intend to move forward with confirmation of this plan, and "Debtors will be filing a modified plan and are working with creditors and the Chapter 12 Trustee to set a deadline for its filing." *Id*.

Neither the filing of a placeholder plan nor an ephemeral promise to file a modified plan sometime in the future is sufficient to meet Debtors' high burden to establish that their failure to timely file their plan originally was "attributable to circumstances for which [Debtors] should not justly be held accountable." Moreover, withdrawing their chapter 12 plan does not, without more, "reset the clock." The Court is simply not free to disregard the requirements of section 1221 of the Bankruptcy Code or Debtors' failure to attempt to satisfy it.

## ORDER

Accordingly,

**IT IS HEREBY ORDERED** that American Farm Mortgage's Motion to Dismiss Case is GRANTED.

**IT IS FURTHER ORDERED** that the hearings on American Farm Mortgage's Motion to Dismiss and confirmation of Debtors' chapter 12 plan are CANCELLED.

**Signed on July 30, 2024**



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**